IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FERREL BENJAMIN GIBBS,

   Petitioner,

  v.

DEBORAH A. HICKEY, Warden and
ERIC HOLDER, JR., Attorney
General,

   Respondents.

CIVIL ACTION NO.: CV209-082

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Ferrel Benjamin Gibbs, ("Gibbs") who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a "Petition to Correct Illegal Sentence Pursuant to F. R. CRIM. P. Rule 35(a) and Title 18 U.S.C. § 3742(a)(1)." Gibbs' claim was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response, and Gibbs filed a Reply. For the reasons which follow, Gibbs' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

On December 2, 2003, after a jury trial, Gibbs was convicted in the United States District Court for the District of South Carolina of knowingly and fraudulently endeavoring to obtain a sum in excess of $1,000 in public stocks of the United States and to have part thereof transferred, assigned, and conveyed by virtue of false, forged, and counterfeited instruments, and of mail fraud, violating 18 U.S.C. §§ 1003 and 1341.

192 Fed. App'x 242, 244 (4th Cir. 2006). Petitioner received concurrent sentences of sixty (60) and seventy-eight (78) months' imprisonment. Id. Gibbs appealed his conviction and sentence. Id. The Court of Appeals for the Fourth Circuit affirmed Gibbs' conviction, but vacated his sentence and remanded for resentencing. Id. On remand, the district court imposed identical sentences; Gibbs appealed and his sentence was affirmed on appeal. Id.

In the instant petition, Gibbs asserts that he "is being held illegally as a result of a penalty (sentence) calculated without Congressional authority (subject matter jurisdiction) to calculate a sentence and impose a penalty for statutes naked an associated implementing regulation." (Doc. No. 1, p. 1). Gibbs claims respondents "should have known, that without an implementing regulation, said sentence had no Congressional or Constitutional authority and the Federal Bureau of Prisons had no authority to calculate a sentence nor impose a penalty for statutes naked an associated implementing regulation." (Id.). Gibbs requests that his "sentence be vacated nunc pro tunc for want of subject matter jurisdiction lacking the legal and Congressional authority to calculate a sentence and impose a penalty for statutes naked an associated implementing regulation." (Id. at p. 2). Respondents contend that Gibbs' request is moot because he was released from BOP custody on July 27, 2009. (Doc. No. 15, p. 2).

## DISCUSSION AND CITATION TO AUTHORITY

Despite Respondents assertion that Gibbs' claim is moot, Gibbs has standing to assert his claim because he is under supervised release and is therefore subject to restraints that are not shared by the public at large. Hensley v. Municipal Ct., 411 U.S.

345, 351 (1973) (holding that an individual who is "subject to restraints 'not shared by the public generally'" satisfies the requirement that a petitioner be in custody to have standing to bring a petition for habeas corpus (quoting Jones v. Cunningham, 371 U.S. 236, 243 (1963)). However, Gibbs' claim that there was no Constitutional or Congressional authority for the imposition of his sentence falls under the purview of 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003).

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis added). To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

AO 72A
(Rev. 8/82)

3

applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Gibbs did not apply for relief, by § 2255 motion, to the District Court for the District of South Carolina—the court which sentenced him. Therefore, Petitioner bears the burden of presenting evidence that shows why a § 2255 remedy would be inadequate or ineffective. Gibbs fails to demonstrate that his habeas corpus claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted for a nonexistent offense; therefore he has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this __17th__ day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE