IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| FERREL BENJAMIN GIBBS, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO.: CV209-082 |
| DEBORAH A. HICKEY, Warden and ERIC HOLDER, JR., Attorney General, | : | |
| Respondents. | : | |

## **O R D E R**

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Ferrel Benjamin Gibbs ("Gibbs") asserts that the United States has no jurisdiction over him; that his name was misused by being placed in all capital letters; that his last name was improperly used to construe him as a "person"; that all municipal, state, and county courts lack jurisdiction to hear any case; and that the process in his case was not "regular on its face". Petitioner has contemporaneously filed a "Motion for Reversal for All Results" and an "Administrative Notice in the Nature of Writ of Error Coram Nobis." Plaintiff also filed a document entitled "Response to Criminal Actions of Edward J. Tarver dba United States Attorney."

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28

U.S.C. § 2241. To the extent, Gibbs argues that this court does not have jurisdiction over his § 2241 petition, he is incorrect. Gibbs remaining arguments in his objection lack merit. The undersigned is unable to discern what effect placing Gibbs's name in capital letters or using his last name to construe him as a person could possibly have on the outcome of his § 2241 petition. Gibbs's argument that municipal, state and county courts lack jurisdiction to hear any case is nonsense, and completely inapplicable to Gibbs's petition. Gibbs fails to explain how process in his case was not "regular on its face" or what implication that would have to his petition.

As to Gibbs's request for coram nobis relief, such writs must be issued by the district of conviction and sentence, not the district where Gibbs is incarcerated. See Grene v. United States, 448 F.3d 720, 720 (5th Cir. 1971)[1] ("[Petitioner] should have raised his contentions in the *sentencing* court, the only one which could grant relief in the nature of coram nobis relative to a criminal conviction."); see also United States v. Hayman, 342 U.S. 205, 222 n.36 (noting that "the Section 2255 motion was 'in the nature of' the coram nobis writ in the sense that a Section 2255 proceeding, like coram nobis, is an independent action brought in the court that entered judgment. Moreover, coram nobis relief is not available to a petitioner who remains in custody. United States v. Garcia, 181 F.3d 1274 (11th Cir. 1999); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); see also United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

under 28 U.S.C. § 2255."). Gibbs remains on supervised release, which constitutes custody. Brown, 117 F.3d at 475. Thus, Gibbs's claims would fall under the purview of 28 U.S.C. § 2255, and this court lacks authority to hear such claims because it is not the sentencing court.

Gibbs's Objections are completely without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Gibbs's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. Gibbs's Motion for Reversal is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 13th day of May, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA